IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. SCERBO,               :        CIVIL ACTION NO. **3:CV-06-0676**
                                 :
            Plaintiff            :        (Judge Conaboy)
                                 :
            v.                   :        (Magistrate Judge Blewitt)
                                 :
JOHN OREFICE,                    :
                                 :
            Defendant            :

## REPORT AND RECOMMENDATION

**I. Background.**

   Plaintiff, Michael J. Scerbo, an inmate at the Pike County Correctional Facility ("PCCF"),

Lords Valley, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983

on April 3, 2006.  Plaintiff has also filed two applications for leave to proceed *in forma pauperis*.

(Docs.  2 and 7).[1]  Plaintiff's claim was set forth on a form § 1983 complaint which this Court

routinely provides to *pro se* litigants.  *See* Doc. 1.[2]  On April 17, 2006, Plaintiff filed an Amended

---

[1]Plaintiff attached exhibits to his Complaint.  (Doc. 1).

[2]In his form Complaint, as we previously noted, the Plaintiff indicated that he has not exhausted or even attempted to exhaust the grievance procedure available at PCCF.  (Doc. 1, p. 1, ¶ II. A.-C.).  Plaintiff stated that he did not file a grievance since the assault incident on him by a fellow inmate was being criminally investigated by the Pennsylvania State Police.  Plaintiff's exhibits attached to his Complaint do not show that he filed an administrative remedy regarding the failure of the prison officials to protect him.  However, as we noted, Defendant has  the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).  Defendant Orefice has plead failure to exhaust as an affirmative defense in his Answer to the Complaint.  (Doc. 20, pp. 3-4).  Also, in his pending Motion for Judgment on the Pleadings, Defendant asserts that Plaintiff has failed to exhaust his Administrative remedies. (Doc. 28, p. 3 & Doc. 29, p. 3).  In his Motion to Supplement his Complaint filed September

Complaint which is essentially the same as his first pleading except for adding two new Defendants. (Doc. 8).[3]

After screening Plaintiff's amended pleading, we recommended that this case proceed only with respect to Plaintiff's Eighth Amendment claim against Defendant Orefice. (Doc. 9). On June 8, 2006, the District Court adopted our Report and Recommendation and dismissed all Defendants except for Orefice, and allowed the case to proceed with respect to the Eighth Amendment claim against Orefice. (Doc. 13). Defendant Orefice was served and filed his Answer. (Doc. 20). On July 21, 2006, Defendant filed a Motion for Judgment on the Pleadings and a support Memorandum. (Docs. 28 & 29).[4] Subsequently, the Court granted Defendant's Motion to Stay Discovery in this case until his pending Motion for Judgment on the Pleadings was ruled upon by the Court. (Doc. 31). In his Motion for Judgment on the Pleadings, Defendant argues that Plaintiff has failed to exhaust his Administrative remedies as required by the PLRA, and that the CD attached as an exhibit to his Answer shows that Plaintiff's Eighth Amendment claim is without merit.

---

28, 2006, Plaintiff claims that he has now exhausted his Administrative remedies, and he attaches copies of his September 6, 2006 grievance regarding the November 23, 2005 incident, as well as the responses thereto denying it. (Doc. 52 & attached exhibits). We will consider Plaintiff's September 28, 2006 filing as a supplement to his Brief regarding Defendant's Motion for Judgment on the Pleadings, to the extent it relates to the exhaustion issue.

[3]As we previously noted, the original Complaint was identical to the Amended Complaint except for the two new Defendants (CO's Worzel and Ott).

[4]Defendant also filed a Brief in support of his above stated Motion on July 25, 2006 (Doc. 32), which is an exact duplicate of his Memorandum. Docs. 29 & 32.

On August 16, 2006, Plaintiff filed two Briefs in opposition to Defendant's Motion for Judgment on the Pleadings.  (Docs. 43 & 44).[5]  On August 28, 2006, Defendant filed a Reply Brief. Defendant's Motion for Judgment on the Pleadings is now ripe.[6]  As noted above, we will consider Plaintiff's August 28, 2006 Motion to Supplement his Complaint, in part, as a supplement to his current Brief regarding the exhaustion issue.  (Doc. 52).

## II.  Allegations of Complaint.

Since we have detailed the allegations in Plaintiff's Complaint in our prior Report and Recommendation (Doc. 9, pp. 2-4), we repeat them as follows:

> The Complaint alleges that Defendant John Orefice, a Corrections Officer ("CO") at PCCF, did not help Plaintiff as he was being assaulted by a fellow inmate, Keith Phillips, on November 23, 2005.  (Doc. 1, p. 2, ¶ IV. & attached supplemental handwritten p. 2). Plaintiff alleges that Defendant Orefice failed to take steps to avoid the assault on him by inmate Phillips, and avers that Orefice failed to act during the assault.  The Complaint does not assert any serious harm to Plaintiff as a result of the November 23, 2005 incident, although Plaintiff admits he was taken to the medical department to be examined.  Plaintiff avers that Defendants Lt. Gattuso and Sgt. Langbein, along with another CO who he believes was Defendant CO Worzel, arrived at the unit where Plaintiff and inmate Phillips were located and that they handcuffed and shackled Phillips.  (*Id*., supplemental p. 2, ¶ 1).  Plaintiff states that Defendant Lt. Gattuso then came back to the unit and took him down to medical to be examined.  While he was at medical, Plaintiff avers that Defendant Sgt. Langbein asked him if he had tried to poison inmate Phillips earlier that day, and Plaintiff replied that it was not possible for him to poison anyone since the unit officer oversees all of the meal procedure.  (*Id*.).

---

[5]Doc. 43 also had a copy of the Brief docketed to Doc. 44 attached to it.

[6]This case has been assigned to the undersigned for pre-trial matters.

Plaintiff avers that even though Defendant CO Orifice [Orefice] had directed him to stay in the cell while he was performing a detail of scraping a desk prior to the assault, he had to nevertheless leave the cell and walk down to a landing to ask CO Orefice for a dust pan and broom.  This is when inmate Phillips, who was talking to CO Orefice at the time, saw Plaintiff and ran up the stairs to where Plaintiff was standing  and began assaulting him.  (*Id*. & p. 2).  Plaintiff states that he yelled to CO Orefice, "but instead of officer Orifice helping me, he had walked over to the telephone and made a phone call.  While this was happening inmate Phillips continued to beat on me as officer Orifice, watched from the officer staff station while he was on the phone." (*Id*.).  Plaintiff then states that  Defendants Gattuso and Langbein, along with another officer, arrived at the scene, and states that they handcuffed and shackled Phillips and took him off the unit.  Plaintiff was then taken to medical, as stated, by Defendant Gattuso.  (*Id*.).  Plaintiff claims that Defendant CO Orefice, despite directing him to stay in the cell in which he was working, "should not have had both of us [*i.e.* Plaintiff and inmate Phillips] out at the same time.  That's two different types of status, inmate Phillips was maximum and I was a p.c. [protective custody] inmate." (*Id*.).

Plaintiff avers that the Pennsylvania State Police were called to investigate the assault, and that he was interviewed and, on November 25, 2005, he pressed charges against inmate Phillips.[7]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Like I said in part 1 Officer Orifice told me to stay in the cell but I could not hear over all of the noise." (*Id*., ¶ 2).

---

[7]Indeed, Plaintiff's Exhibit B attached to his Complaint, November 24, 2005 PCCF Inmate Request From, indicates that Plaintiff requested to press charges against inmate Phillips, and that his request was approved and the state police were notified.  Exhibit B, December 27, 2005 Request Form, also indicates that Plaintiff was allowed to contact the State Police on this date, but that the trooper he sought to speak with was not available.  Subsequently, on January 3, 2006, Plaintiff again submitted an Inmate Request Form asking for permission to call the State Police about his case, but the request was denied since he was already allowed to call, and he was advised that if he wanted to know about his case, to call his lawyer.  (Doc. 1, Exhibits B).

In our prior Report and Recommendation (*Id.*, pp. 5-6), we further stated:

> Thus, Plaintiff alleges that on November 23, 2005, he was assaulted by inmate Phillips and that Defendant Orefice did not take steps to avoid the attack, even though the danger of an attack on him was readily apparent, and that this Defendant failed to act while the assault was taking place. (Doc. 1, supple. p. 2, ¶ 4).  Plaintiff alleges that Defendants Langbein, Gattuso and Worzel  came and stopped the assault by taking Phillips away in handcuffs and shackles.  Plaintiff also alleges that Defendant Gattuso took him to the medical department to be examined. Plaintiff then states that Defendant Langbein asked him if he had tried to poison Phillips' breakfast and lunch that day.

We found  that  Plaintiff stated an Eighth Amendment claim against Defendant Orefice for not taking sufficient steps to prevent the attack on him, and for failing to assist him during the attack.  However, we found that Plaintiff did  not state any claim against the remaining Defendants. The District Court has dismissed all of the Defendants except for Orefice.  (Doc. 13).

As relief, Plaintiff seeks compensatory and punitive damages for the physical damages that he suffered from the attack on him by inmate Phillips.  (*Id.*, p. 3, ¶ V.).[8]

## III.  Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993).  Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v.*

---

[8]No serious or permanent injuries are alleged by Plaintiff.

*Doe*, 536 U.S. 273, 284-85 (2002).   *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

## IV.  Motion for Judgment on the Pleadings Standard.

A Motion for Judgment on the Pleadings may not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."  *Corestates Bank, N.A. v. Huls American, Inc.*, 176 F. 3d 187, 193 (3d Cir. 1999).[9]

The Court uses the same standards as a Motion to Dismiss under Rule 12(b)(6) to judge a Motion on the Pleadings.  *See Werwinski v. Ford Motor Co.*, 2000 WL 1201576 *1 (E. D. Pa.).   In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the non-moving party.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).  A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no

---

[9]Fed.R.Civ.P. 12(c) provides as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

right to recover is properly dismissed without leave to amend.  *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

## V.  Discussion.

Defendant asserts two arguments in support of his Motion for Judgment on the Pleadings. First, Defendant claims that Plaintiff failed to exhaust his administrative remedies with respect to his Eighth Amendment claim regarding the November 23, 2005 incident.  Second, Defendant maintains that, according to the CD from the security camera on the afternoon in question, which Defendant has submitted along with his Answer to the Complaint (Doc. 20), it shows that he was on the scene within seconds to render assistance  to Plaintiff, and that he was not on the phone.[10]

### 1.  *Exhaustion under the PLRA*

As mentioned, Defendant initially argues that the Plaintiff failed to exhaust his available administrative remedies.  The Defendant has properly raised the Plaintiff's failure to exhaust by the filing of his Motion.  The Defendant must plead and prove the exhaustion issue as an affirmative defense in accordance with *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002).  Here, the Defendant has raised this defense as to Plaintiff's Eighth Amendment claim and has pointed to Plaintiff's admission that he did not exhaust his Administrative remedies with the prison before he filed this action.  As

---

[10]If the Court were to consider the CD, which is clearly a matter outside of the pleadings, then Defendant's Rule 12(c) Motion would have to be converted into a summary judgment motion.  We note that, while discovery has been stayed in this case until Defendant's current Motion is decided by the Court, on August 8, 2006, we directed Defendant to allow Plaintiff to view the relevant portions of the CD.  Doc. 40.

Since we find merit to Defendant's initial argument, *i.e.*, failure of Plaintiff to exhaust his administrative remedies, we shall not consider the CD.

the *Ray* Court noted, *285 F. 3d* at 295, n. 8, failure to exhaust may be raised as the basis for a motion to dismiss in appropriate cases, and we find that this defense is properly asserted in the Defendant's Motion.

Defendant argues, and Plaintiff has admitted, that at the time this case was instituted, Plaintiff did not exhaust his administrative remedies as to his Eighth Amendment claim against Orefice relating to the November 23, 2005 incident.  As we previously noted, in his Complaint, Plaintiff indicated that he did not exhaust his Administrative remedies. (Doc. 1, p. 1).   Further, as Defendant points out (Doc. 29, p. 7), in Plaintiff's response to Defendant's Answer to the Complaint, Plaintiff conceded that he did not know that he had to exhaust his Administrative remedies with the prison before he filed a civil rights action in federal court.   (Doc. 26, p. 2, ¶ 6.).  In his initial Brief, Plaintiff argues that he was not required to exhaust his Administrative remedies with the prison before he filed his action alleging that Defendant failed to protect him from an assault by another inmate.  (Doc. 43, pp.  3-4).   We agree with Defendant in his Reply Brief (Doc. 47, p. 2), that Plaintiff's argument is incorrect.

The exhaustion requirement is a mandatory prerequisite to filing suit and must be sufficiently alleged.  *See Booth v. Churner*, 206 F. 3d 289 (3d Cir. 2000) *aff'd* 532 U.S. 731, 121 S. Ct. 1819 (2001); *Nyhuis v. Reno*, 204 F. 3d 65 ( 3d Cir. 2000).  Even if a Plaintiff is seeking both injunctive and monetary relief, as in this case (Doc. 1, p. 3), he still must exhaust his administrative remedies, as the PLRA makes no distinction between claims for damages, injunctive relief, or both.  *Id.*  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983

actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*

The Third Circuit Court of Appeals, as stated above, has  held in the case of *Ray*, 285 F.3d at 295-296, that the defendant has the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. The Defendant, as discussed, has properly asserted this defense in the present case.

Recently, the Supreme Court reiterated that exhaustion was required in § 1983 cases. In *Woodford v. Ngo*, _ U.S._, 126 s. Ct. 2378, 2382-2383 (2006), the Court stated,

> The PLRA strengthened the exhaustion provision in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory.  *See Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).  Prisoners must now exhaust all "available" remedies, not just those that meet federal standards.  Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought  - - monetary damages  - - cannot be granted by the administrative process.  *Id.* at 734, 121 S.Ct. 1819. Finally, exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983.  *Nussle, supra*, at 524, 122 S.Ct. 983.

As Defendant argues in his Reply Brief, Plaintiff's action is certainly challenging prison conditions and thus, exhaustion is required in his case.  It is undisputed that PCCF has a grievance system available to inmates to complain about prison conditions.  It is undisputed that before filing the instant action, Plaintiff did not exhaust his available Administrative remedies at PCCF.  In his supplemental filing of September 28, 2006, Plaintiff states that he has now exhausted his

Administrative remedies.   Plaintiff attaches copies of his grievance form in which he complains about the conduct of Defendant Orefice on November 23, 2005, and he attaches the responses to his grievance from the prison officials. (Doc. 52). Plaintiff's grievance No. 01-478-06 was filed on September 6, 2006, over nine (9) months after the alleged incident occurred and over five (5) months after he filed the present action.   The PLRA clearly provides that a § 1983 action with respect to prison conditions cannot be brought until the available Administrative remedies at the prison are exhausted. *See Ngo*, 126 S. Ct. at 2384.   Plaintiff essentially thwarted the purpose of the exhaustion requirement by not allowing the prison to have a fair and full opportunity to address his present Eighth Amendment claim before he filed this action. *Id*. at 2385.   In fact, as stated, Plaintiff waited until over nine (9) months after the incident in question to file his grievance complaining about Defendant Orefice's conduct on November 23, 2005.  The Court in *Ngo* concluded that "the PLRA exhaustion requirement requires proper exhaustion."  *Id*. at 2387.   The manner in which Plaintiff attempted to exhaust his Eighth Amendment claim in this case renders the prison's grievance system as meaningless, since a prison's grievance process should provide "prisons with a fair opportunity to correct their own errors." *Id*. at 2387-2388.  Thus, we find under *Ngo*, Plaintiff did not properly exhaust his administrative remedies with PCCF since he did not file his grievance regarding the incident in question until over nine (9) months after it occurred and over five (5) months after he flied his § 1983 action with this Court.

Plaintiff's untimely and improper exhaustion in this case renders the PLRA exhaustion requirement as completely ineffective.  As the *Ngo* Court stated, "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."

*Id*. at 2388.  The *Ngo* Court indicated that if an inmate files a late grievance for no reason, the inmate may be avoiding compliance with the Administrative process, and if the prison rejects the grievance as untimely, then the inmate could file a suit directly in federal court.  *Id*.  In the present case, Plaintiff Scerbo did not file a grievance with PCCF before he filed his action with this Court because he claims he did not know that exhaustion of his Administrative remedies were required. (Doc. 26, p. 2).  Further, Plaintiff's exhibits regarding his grievance indicate that the prison officials, in their initial and final denial of the Plaintiff's grievance of September 6, 2006, largely relied upon the fact that Plaintiff's claim was pending with the Court and "will be resolved through litigation." (Doc. 52, Ex. A, pp. 1, 2 & 4).   The utilization of the prison grievance system by Plaintiff in this case, well after he filed his civil rights action, certainly did not afford the prison with a full and fair opportunity to consider his grievance and remedy it before this case was commenced.  As in *Ngo*, we find that Plaintiff's use of the PCCF's grievance system rendered the PLRA's exhaustion as "a toothless scheme."  *Id*.

As the Court stated in *Ullrich v. Idaho*, 2006 WL 288384 , * 2 (D. Idaho), "[a] prisoner is required to exhaust all of his Administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions fo his confinement."  "Exhaustion must occur prior to filing suit, and a prisoner may not attempt exhaustion of his Administrative remedies during the course of a civil rights action." (Citation omitted).

The Court in *Parker v. Perry*, 2006 WL 2635097,  * 1 (E.D. Tex.), recently stated as follows:

> In 1996, Congress enacted the Prison Litigation Reform Act
> (hereinafter "P.L.R.A."), which made several changes to 42 U.S.C. § 1997e.
> Congress tightened up the exhaustion requirements.  Without exception,
> inmates are now required to exhaust all administrative remedies

11

available in the prison system prior to filing a lawsuit.  The Supreme
Court examined the new rules and unanimously concluded that
inmates must exhaust their administrative remedies before proceeding
to federal court.  *Booth v. Churner*, 532 U.S. 731 (2001).  *See also
Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).  The Supreme
Court subsequently held that exhaustion is mandatory and is required
for all actions brought by prisoners.  *Porter v. Nussle*, 534 U.S. 516,
524 (2002).  Most recently, the Supreme Court reiterated that exhaustion
is mandatory and will not be excused when an inmate fails to timely
exhaust his administrative remedies.  *Woodford v. Ngo*, 126 S.Ct. 2378
(2006).  It is noted that the grievance procedures take approximately
ninety days to complete.  *See Wendell v. Asher*, 162 F.3d 887, 891
(5th Cir. 1998).  It is further noted that the Court has the option
to dismiss civil rights lawsuits with prejudice where an inmate filed
a lawsuit before exhausting his administrative remedies.  *See
Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998).

*See also Tron v. U.S.*, 2006 WL 2599348 (D. Or.).   Exhaustion is a pre-condition to a § 1983 civil

rights action and is mandatory.  *See Ngo*, 126 S. Ct. at 2382.

Further, as this Court very recently stated in *Fortune v. Bitner*, 2006 WL 2796158, * 7 (M.D.

Pa.), "[t]he PLRA mandates that inmates 'properly' exhaust Administrative remedies before fling suit

in federal court." (Citing *Ngo* at 2387).  This Court also stated that the PLRA exhaustion requirement

was designed, in part, to "afford corrections officials an opportunity to address complaints internally

before allowing the initiation of a federal suit."  *Id.*, *9.  As in the *Fortune* case, it is clear that

Plaintiff Scerbo's September 6, 2006 grievance, well after the November 23, 2005 incident in

question and over five (5) months after he filed his § 1983 action, was not sufficient to put the

PCCF officials on notice and to give them an opportunity to address Plaintiff's complaint that

Defendant Orefice failed to promptly protect him from harm at the hands of another inmate.[11]

---

[11] As we previously stated, the Eighth Amendment claim against Defendant Orefice was
allowed to proceed since Plaintiff alleged that insufficient steps were taken by this Defendant to

We find that this case should be dismissed for failure of Plaintiff to exhaust his Administrative remedies before he filed this action based on *Ngo* and *Fortune*. *See also Farrell v. Beard*, 2006 WL 2828862 (M. D. Pa.); *Lasko v. Hendershot*, 2006 WL 2828787 (M.D. Pa.) (This Court dismissed Plaintiff's claims without prejudice his he failed to exhaust his Administrative remedies prior to filing his action in federal court despite having exhausted them while his action was pending).[12]

## V.  Recommendation.

Based on the above, it is respectfully recommended that Defendant Orefice's Motion for Judgment on the Pleadings **(Doc. 28)** be granted due to Plaintiff's failure to exhaust his Administrative remedies before he filed this action.

s/ **Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 17, 2006**

---

separate p.c. inmates from maximum inmates, and that Defendant failed to come to his assistance during an assault by a fellow inmate, despite making a phone call, seemingly for assistance.

[12]As this Court in *Lasko* noted, since the exhaustion issue in our case is a threshold issue, there is no need to consider the alternative argument in Defendant's Motion for Judgment on the Pleadings, *i.e.* the CD shows that he did not delay in responding to Plaintiff's assault by a fellow inmate. *See Lasko v. Hendershot*, 2006 WL 2828787 at * 5, n. 3.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. SCERBO, | : | CIVIL ACTION NO. **3:CV-06-0676** |
| | : | |
| Plaintiff | : | (Judge Conaboy) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CRAIG A. LOWE, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 17, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

14

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


          **s/ Thomas M. Blewitt**
_____   **THOMAS M. BLEWITT**
          **United States Magistrate Judge**


**Dated: October 17, 2006**