```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL JOSEPH SCERBO,            :
                                  :
         Plaintiff,               :CIVIL ACTION NO. 3:06-CV-0676
                                  :
         v.                       :(JUDGE CONABOY)
                                  :
JOHN OREFICE,                     :(Magistrate Judge Blewitt)
                                  :
         Defendant.               :
```
_____

## MEMORANDUM

Here we consider Magistrate Judge Thomas M. Blewitt's Report and Recommendation concerning Plaintiff Michael Joseph Scerbo's 42 U.S.C. § 1983 action.  (Doc. 55.)  Magistrate Judge Blewitt recommends Defendant's Motion for Judgment on the Pleadings on Behalf of Defendant, John Orefice (Doc. 28-1) be granted and the action be dismissed because Plaintiff did not exhaust his administrative remedies until after he filed his Complaint.  (*Id.*)

Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on November 8, 2006, (Doc. 57), and Defendant filed a brief in opposition to Plaintiff's objections on November 13, 2006, (Doc. 58).  Therefore, this matter is now ripe for disposition.

When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed.  *See Thomas v. Arn*, 474 U.S. 150-53 (1985). When a plaintiff files objections to a magistrate judge's Report

1

and Recommendation, the district judge makes a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made. *See Cippolone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir. 1987), *cert. denied*, 484 U.S. 976 (1987). As to the matters to which a plaintiff has filed no objection, the district court is required only to review the record for "clear error." *See Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). Therefore, we will review the issues raised in Plaintiff's objections *de novo* and otherwise review for clear error.

Having considered Plaintiff's objections, we conclude that they are without merit. We concur with the Magistrate Judge's conclusion that Plaintiff's action should be dismissed for failure to exhaust administrative remedies. We therefore adopt the Report and Recommendation (Doc. 55), grant Defendant's motion (Doc. 28-1) and dismiss Plaintiff's 42 U.S.C. § 1983 action without prejudice.

### **I. Background**

The Magistrate Judge provided a detailed background in his Report and Recommendation. (Doc. 55 at 1-5.) Because we adopt the Report and Recommendation and do not decide this case on substantive grounds, we need not repeat the Magistrate Judge's recitation. To provide context for our discussion, we note here that the remaining Defendant in this action allegedly failed to

2

take steps to avoid an attack on Plaintiff by another inmate at the Pike County Correctional Facility.[1]

Central to our decision is the fact that Plaintiff did not exhaust administrative remedies before filing suit.  As Defendant notes in his brief in opposition to Plaintiff's objections, Plaintiff's Complaint admits that he never pursued administrative remedies and Defendant raised this as an affirmative defense in his Answer.  (Doc. 58 at 2.)  Defendant filed a motion for judgment on the pleadings on the basis that Plaintiff did not comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA").  (Doc. 28-1.)  While the motion was pending, Plaintiff filed grievances at the prison.  (Doc. 58 at 2.)

The Magistrate Judge determined that Plaintiff's failure to exhaust administrative remedies *before* filing suit required dismissal of the case and, therefore, Defendant's Motion for Judgment on the Pleadings on Behalf of Defendant, John Orefice (Doc. 28-1) should be granted.  (Doc. 55.)  The Magistrate Judge concluded because his dismissal recommendation is based on the threshold issue of exhaustion, there is no need to consider Defendant's alternative argument for dismissal.  (Doc. 55 at 13

---

[1] In a previous Report and Recommendation issued on April 20, 2006, upon initial screening, the Magistrate Judge recommended that all Defendants other than Defendant Orefice be dismissed for failure to state a claim. (Doc. 9.)  The Court adopted the Report and Recommendation by Order of June 8, 2006.  (Doc. 13.)  Therefore, the only claim to survive screening was Plaintiff's Eighth Amendment claim against Defendant Orefice.

n.12.)

As noted above, Plaintiff filed objections to the Report and Recommendation.  (Doc. 57.)  For the most part, Plaintiff's eighteen (18) paragraph document addresses the substantive merits of his claim against Defendant.  (*Id.*)  Only one paragraph can be construed as an objection to the Magistrate Judge's findings and recommendation regarding exhaustion: Plaintiff "urges the Court to take a look at the claim exhaustion approach that courts have applied in the context of federal anti-discrimination laws such as Title VII The Americans with Disabilities Act, and the Age Discrimination in Employment Act" (Doc. 57 para. 3).

Defendant's response to Plaintiff's objections notes that Plaintiff's objections do not address the issues raised in the Prison Litigation Reform Act, the basis of the Magistrate Judge's Recommendation.  (Doc. 58 at 5.)

## **II.  Discussion**

We agree with Defendant that Plaintiff has not objected to the Magistrate Judge's conclusion that the PLRA requires dismissal of his action for failure to exhaust administrative remedies.  Rather, Plaintiff urges the Court to adopt a different standard than the PLRA requires and other courts, including the Third Circuit Court of Appeals, have applied.  We decline to do so.

The exhaustion requirement of the PLRA states: "No action shall be brought with respect to prisoner conditions under section

4

1983 of the title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Commenting on the exhaustion requirement, the United States Supreme Court stated: "Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  The Third Circuit Court of Appeals identified some of Congress's policy objectives relative to the PLRA exhaustion requirement: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on federal courts by erecting barriers to frivolous prisoner lawsuits." *Spruill v. Gillis*, 382 F.3d 218, 230 (3d Cir. 2004).

The Third Circuit Court of Appeals recently stated "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (Not Precedential).  Citing *Johnson v. Jones*, 340 F. 3d 624, 627-28 (8th Cir. 2003), the *Oriakhi* court found that the

lower court had properly dismissed the plaintiff's complaint because his exhaustion attempt took place after he filed his *Bivens* claim.  "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." *Oriakhi*, 165 Fed. Appx. at 993 (*quoting Johnson*, 340 F.3d at 627-28.)

Here there is no question that Plaintiff failed to abide by the requirements of 42 U.S.C. § 1997e(a) by filing suit before he exhausted his administrative remedies.  Given a similar situation to that presented here, this Court decided in *Lasko v. Hendershot*, Civ. No. 05-CV-0991, 2006 WL 2828787, at *5 (M.D. Pa. Sept. 29, 2006), that dismissal of the action without prejudice is the proper course of action.  We agree with *Lasko*, and in granting Defendant's motion, we will dismiss Plaintiff's complaint without prejudice.

The consensus among the circuit courts as noted in *Oriakhi* and the consistent application of the principle that exhaustion *must precede* the filing of the complaint counsel against consideration of Plaintiff's urging to adopt a different standard (*see* Doc. 57 para. 3).  The Second Circuit Court of Appeals addressed the issue of whether to dismiss a case or allow it to proceed where the plaintiff had exhausted at least some of his claims during the pendency of the lawsuit in *Neal v. Goord*, 267 F.3d 116, 121-24 (2d Cir. 2001).  After reviewing the many circuit court decisions that held exhausting administrative remedies after the filing of a

complaint will not save a case from dismissal, the *Neal* court agreed exhaustion must precede the initiation of the action in federal court.  *Id.*  Basing the decision on both the plain meaning of the statute and underlying policy concerns, the *Neal* court discounted the plaintiff's argument that requiring him to initiate a new lawsuit would be judicially inefficient.  *Id.* at 123.  The court reasoned that, although it may seem more efficient to allow an individual case to proceed once exhaustion has been accomplished, to do so would undermine Congress's directive to pursue administrative remedies prior to filing suit.  *Id.*  Additionally, the court noted administrative process can produce a positive outcome resulting in a waste of judicial resources if the case is being considered in federal court.  *Id.*

We agree with the Neal analysis concerning judicial efficiency: to decide otherwise would be inconsistent with the three Congressional policy objectives identified in *Spruill*, *see supra* p. 5.  Further, we consider it important that exceptions not be made to the mandate of § 1997e(a) because judicial efficiency and fairness to inmate litigants is best accomplished by consistent application of the law.  Therefore, we reject Plaintiff's suggestion that the pre-filing exhaustion requirement be excused in this case.

### **III. Conclusion**

For the reasons discussed above, the Magistrate Judge's Report

and Recommendation (Doc. 55) is adopted, Defendant's Motion for Judgment on the Pleadings on Behalf of Defendant, John Orefice (Doc. 28-1) is granted, and Plaintiff's Complaint (Doc. 1) is dismissed without prejudice.  As appropriate Order follows.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

DATED: December 20, 2006

```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

MICHAEL JOSEPH SCERBO,          :
                                :
       Plaintiff,               :CIVIL ACTION NO. 3:06-CV-0676
                                :
       v.                       :(JUDGE CONABOY)
                                :
JOHN OREFICE,                   :(Magistrate Judge Blewitt)
                                :
       Defendant.               :
_____

### **MEMORANDUM**

    **AND NOW, THIS 20th DAY OF DECEMBER 2006, FOR THE REASONS SET OUT IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Report and Recommendation (Doc. 55) is **ADOPTED**;

2. Defendant's Motion for Judgment on the Pleadings on Behalf of Defendant, John Orefice (Doc. 28-1) is **GRANTED**;

3. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies before filing suit;

4. The Clerk of Court is directed to close this case;

5. Any appeal from this Order will be deemed frivolous and not taken in good faith.

                                                   <u>S/Richard P. Conaboy</u>
                                                   RICHARD P. CONABOY
                                                   United States District Court